With the lawyers who are going to argue the case, please approach the bench and introduce yourself. My name is Erin Sostock. I'm a 7-11 licensed student with the DePaul Criminal Appeals Clinic and I'm supervised by Laura Weiler. Good morning, Your Honor. This is the state's attorney, Jocelyn Cheeby, for the people of the state of Illinois. Okay, Justice Palmer is not here today, but he will listen to the tapes on this case. It's kind of unavoidable. Okay, let's proceed and you're going to reserve some time for rebuttal? Yes. How much time? About three to five minutes. Okay. All right. I'm going to proceed. Are you finishing in May, then, with your school? I finished. Oh, you finished. Good for you. Yes. All right, so you just have that bar exam ahead of you. Yes. All right. There's no evidence that Mr. Smith entered the auto parts building because the only reasonable inference that can be made is that Mr. Smith took something from the land surrounding the auto parts building. Here, the state acknowledges that there's no direct evidence that Mr. Smith entered the auto parts building. The circumstantial evidence fails to prove that Mr. Smith entered the auto parts building because eyewitnesses only saw Mr. Smith enter the land surrounding the building through the fence. The building had been closed for a year, during which time there had been a number of incidents. The parts the owner identified as missing from the building were not the same parts that were found in Mr. Smith's possession, and the hole in the fence around the land had been present for at least a week. How do we know that the parts that he had in the trash can, or the black city of Chicago waste can, were not from the auto parts store? Mr. Green, the owner of the building, identified as the parts missing from his building as struts, brake pads, and springs in the record. And Sgt. Jarrowman, who was the one who answered the call, testified that the garbage can found in Mr. Smith's possession only contained mufflers, pipes, and bolts. Wasn't there some overlapping of one of the parts, maybe struts or something? I believe the second officer testified, who hadn't actually looked in the garbage can on the scene, testified that there was overlapping of one item. I believe it was struts. Well, in terms of not having an eyewitness who actually observed him go in, can't we infer from the circumstances that he went in, there was a hole in the fence, he was seen going into the fenced area. The one witness's vision was blocked for a time, but there was an indication also that there had been a broken window and also a kicked-in door or something to that effect, so can we infer that? No, we can't infer that. To start with the broken window and the kicked-in door, there had been a number of incidents on the property and the auto parts building had been closed for a year. The hole in the fence had been present for at least a week, which is the last time Mr. Green, the owner of the shop, had visited the property. But you're saying that even though there's that testimony, isn't that what circumstantial evidence is all about, that you can infer from the circumstances that he went in there because he was observed throwing things over the fence later that were auto parts, so to speak? Well, the property owner indicated that the reason that the lot was fenced in was for storage, so we can make a reasonable inference that there were probably auto parts on the property itself that were not necessarily in the building. So we do know that Mr. Smith was outside the building, inside the fence but outside the building, and since the lot was fenced in, we can reasonably assume that there may have been auto parts inside the fence that were not outside the building. If we can assume that, why can't we also infer that he was inside the store? Because no one saw what was actually on the other side of the fence, did they? No. Or they didn't testify to it? No. Nobody testified that they saw what was on the other side of the fence. But here, we don't, the eyewitness, since he didn't see Mr. Smith inside the building, and then in the Housby case, which provides the three-prong test, all three prongs must be met to get to the circumstantial inference that the circumstantial evidence leads to a burglary. In Housby, the first prong is that there needs to be a rational connection between the possession of property stolen in the burglary and the participation in the burglary. What is the weakest part of the state's case, in your opinion? In here? I think the weakest part is just because all of the circumstantial facts that they rely on, every single fact has a weakness. So, for instance, the fact that he needed to have, he did not, he was not in possession with the stolen property that was stolen from the building. He was in possession of property that he did admit to an officer was stolen, however, it was not the property stolen from inside the building. In addition, the fact that the window had been broken and the door was broken, that's not, that circumstantial evidence is also not sound because there had been prior incidents and there was a hole in the fence for at least a week. If he was found with property that was stolen from the building, would that be enough? No, that would not be enough. Why is that? The state must prove beyond a reasonable doubt that Mr. Smith entered the building in order for him to be convicted of burglary. And here, the only reasonable inference we can make from all these circumstantial facts is that he was on the land. And if we look to the case in REES, the appellate court in that case clearly said that entering a fenced lot is not equivalent to entering a building as it is interpreted in the statute. Well, I agree with your interpretation of that case, however, I don't think you have to have an eyewitness putting someone inside a building in order to establish burglary, do you? No, under Housby, you don't have to have an eyewitness, but you do need to meet the three parts of Housby. And here, the first part can't be met because he was not found with the actual stolen property from the building. Well, what about his admission that he had stolen property? Again, we don't know that that was from the building. But he admits he had stolen property. He admits he had stolen property, and the record indicates that stolen property as identified in the garbage can as mufflers, pipes, and bolts were not the stolen property that was identified as stolen from the building. Was the property that he was found with a valuable property? There was no facts in the record that indicated whether it was particularly valuable or not. Okay. All right, you want to reserve some time for rebuttal? Yes, if there's no further questions, we request that this Court reverse Mr. Smith's conviction. Good morning. Good morning. Have you argued here before? No. Oh, so this is the first time for you as well. Yes. Welcome aboard. Thank you. May it please the Court, Assistant State's Attorney Jocelyn Chevey for the people. Under the Jackson Standard of Review, when challenging the sufficiency of the evidence, the relevant question is whether any rational trial or fact could have found the defendant guilty of burglary beyond a reasonable doubt. In this case, the people have shown that based on the totality of the circumstances, the defendant did, in fact, burglarize active auto parts, and that on June 20, 2011, he entered the building without authority with an intent to commit theft. Dario Cannon testified consistently, credibly, and without impeachment that on that day, he saw a defendant wearing a blue hat and a red handkerchief climb through a hole in a chain-link fence which surrounded the auto parts store. He described that hole as large enough for a person to fit through. He then lost sight of the defendant, and then 10 minutes later, the defendant reappeared with auto parts. He threw those auto parts over the chain-link fence, exited through the hole back into the alley, and put those parts into his garbage can. Ten minutes later, only three blocks from the auto parts store, the defendant was stopped by Sgt. Jermyn. Sgt. Jermyn testified that inside the garbage can, there were lots of different car parts, including mufflers, pipes, and bolts. The defendant was arrested, and the defendant made an admission to Detective Shurchuk that that day, he was in the 5900 block of West Rice, and he took auto parts that were in the alley. He described those auto parts to be nuts, bolts, mufflers, and pipes. The defendant? Correct. Well, I think you've got a tough one here for a first case. Really, my focus here is, did anyone ever identify these auto parts as coming from the auto parts store? No one directly testified to that. The record does not indicate that. Okay, but don't you think that that's a necessary component of establishing a burglary? But people believe that based on the totality of the circumstances, that Michael Green, the owner of the store, testifying that auto parts were missing from inside his store. Specifically, struts, shock absorbers, brake pads, and springs. Mr. Cannon, seeing defendant throwing auto parts over the fence. Sergeant Jaramin, observing that the garage door had been kicked in and the window was broken. And defendant's own admission that that property was not his and it was stolen. But didn't he also say that he specifically did not enter that auto parts store when he admitted that he had some property that was stolen because he said it wasn't his? That's correct. However, it was reasonable for a rational trial fact to found this to be untrue, considering that Mr. Cannon testified consistently and credibly that he specifically saw defendant climb through the hole in the chain link fence, disappear for 10 minutes, and then reappear with auto parts. It was also reasonable for the rational trial fact to have rejected defendant's trial testimony, at which time he stated he had never made such an admission. And he was only collecting aluminum cans that day. Defendant was never found in possession of aluminum cans. He was only found in possession of auto parts. Right. But I don't know that there's any burglary case out there that would support a finding of guilt where the owner of the property doesn't identify it as his own. The people would argue that based on Sgt. German testifying to what was in the garbage can, specifically the mufflers, pipes, and the bolts, to Michael Green stating what was missing from his auto repair shop, the struts, the shock absorbers, the brake pads, and the springs, and the reasonable inference that defendant entered through the garage door that was broken in or the window that was broken, that that all coupled together is proven by a totality of the circumstances. Burglary cases are oftentimes proven by circumstantial evidence. Well, I agree with you. But didn't Mr. Green specifically say that the week before there had been an unauthorized entry, or no, the week before he took an inventory. No, the week before he didn't take an inventory. I apologize. So he went in the week before, really didn't take an inventory. So then when he took the inventory the day of this burglary, he indicated that there were items missing. Couldn't those items have been missing from the week before? It's certainly a possibility. Couldn't there have been items, you know, outside that garage area that were just laying around? That's a possibility. However, Michael Green stated that when he did look at the store the week prior to June 20th, he looked at the shelves. He looked to see which items were there and which were not. So although he didn't take an actual physical written inventory, he did know, he did have an idea of the auto parts that were in his store. Furthermore, the broken window and the garage door do not support that the defendant simply took the auto parts from the area the fence didn't lock. Let me ask you this. Let's compare this case to a car burglary. And let's say that the offender takes a stereo out of the car. And similar to this case, he's found, you know, within minutes of a burglary of that auto with a stereo component of some sort. Do you think that if the victim, the owner of the auto, didn't identify that radio, that he could still be convicted of burglary? If the owner of the car was able to say, I had a stereo missing from my car, the defendant was then found with a stereo in his possession, there's a short time span, close proximity, which is the first Houseby factor between defendant's possession of the stolen property and defendant's participation in the burglary. Well, here's the focus. I think the whole here is that the state never established that this property was stolen from that auto store. The defendant's statement that I had some stolen property still doesn't establish that there was anything ever taken, or the exact property rather. Yeah, Mr. Green said some things were missing, but no one has ever identified anything as being stolen from the auto parts store. The people would maintain that the entry and the manner to which a defendant enters a burglarized building is oftentimes inferred from the facts. And when we look at the totality of the circumstances and the several factors, the short time span between when defendant entered the hole in the chain link fence, the fact that the garage door was kicked in and the window was broken, defendant's admission that he had taken nuts, bolts, mufflers, and pipes, the fact that Sergeant Jaramond specifically saw defendant with lots of different car parts, mufflers, pipes, and bolts, and the fact that Mr. Green testified that several parts were missing from his store, including struts, brake pads, and springs, it was reasonable to infer that defendant obtained this property by burglary. Well, in this case, the defendant says he found the items in a garbage can. Is that what he said? I believe defendant said he found them in the alley. He admitted that the parts were not his and that they were stolen. And he furthermore admitted that the garbage can that he was pushing that day was stolen. How is this different than People v. Natal? Are you familiar with that case? I am not, Your Honor. I'm sorry. I thought it was mentioned in the other brief. No? Maybe not. Therefore, based on the totality of the circumstances, our aforementioned arguments here, and those arguments in the People's Brief, we would ask that this court affirm defendant's conviction for burglary. All right. That's a very short rebuttal. The circumstantial evidence that the State points to can establish that somebody had been in the building prior because Mr. Green identified some parts as stolen from his building. However, the evidence in the record also showed that there had been prior incidents and the hole in the fence had been there for the past week. So we cannot necessarily make the inference that it was Mr. Smith who had been in the building because nobody saw him in the building and he was not in possession of the stolen goods. Under House v., it presumes that the defendant was found in possession of the stolen goods. But the first two prongs of the test rely on the fact that the defendant was found in possession of the stolen goods and the circumstantial evidence is what they used to establish whether or not the defendant took the stolen goods. However, here the stolen property was not in Mr. Smith's possession. Therefore, the only inference that we can make was that Mr. Smith was on the land surrounding the auto parts building and he did not enter the building itself. Thank you. Well, you guys did a very good job. I want to tell both of you that. And we certainly thank you and we'll take the case under advisement. We're going to be switching panels now. Thank you.